## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 5864 | **DATE** | 9/4/2001 |
| **CASE TITLE** | Bradley Baker, M.D. vs. Daniel Berger, M.D. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial [set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] This Court finds that Defendant Daniel Berger is an employer within the meaning of Title VII. Therefore, this Court's August 15, 2000 Memorandum and Opinion **stands** and this case is **dismissed.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | SEP 0 6 2001 date docketed | |
| ✓ | Docketing to mail notices. | | 58 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| JHC courtroom deputy's initials | | 01 SEP -5 AM date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

| | |
|---|---|
| BRADLEY BAKER, M.D.,<br>    Plaintiff,<br><br>v.<br><br>DANIEL BERGER, M.D., et al.<br>    Defendants. | CAUSE NO. 99C5864<br><br>JUDGE WILLIAM J. HIBBLER |

## MEMORANDUM AND OPINION

Dr. Bradley Baker, M.D. has brought suit alleging that Defendants Dr. Daniel Berger, M.D., Daniel S. Berger, M.D., Ltd., and North Star Medical Center breached a promise to enter into a partnership agreement and violated Title VII of the Civil Rights Act of 1969, 42 U.S.C. § 2000e. This Court has previously **dismissed** the case in the entirety. Plaintiff then filed a motion to reconsider and this Court granted the motion for the limited purpose of determining the employment status of Wittert, dei Roncalli, and Defendant Berger. However, state law breach of contract claim are not before this Court and it remains **dismissed.** After reviewing the parties' submissions, this Court has reached the conclusion that Defendant Berger was an employer within the meaning of the statute. Therefore, this Court's August 15, 2000 Order stands, and this case is **dismissed.**

## BACKGROUND

Plaintiff sued Defendant for an alleged breach of a partnership agreement and for sexual harassment and discrimination. On August 15, 2000, this Court entered summary judgment in Defendants' favor on Plaintiff's Title VII claim. This Court based its decision on the fact that Defendants Daniel S. Berger, M.D., LTD. and North Star Medical Center lacked the requisite number of employees for the requisite number of weeks under Title VII. In so holding, this Court

1

found that Defendant Berger was not an employee within the meaning of the statute. This Court declined to exercise supplemental jurisdiction over Plaintiff's breach of partnership agreement claim.

On September 5, 2000, Plaintiff filed a Rule 60(b) Motion to Reconsider arguing that this Court erred in its finding. On February 5, 2001, this Court granted Plaintiff's motion, and ordered the parties to brief to limited issue of whether Defendant Berger, and two others, Ms. Wittert and Ms. dei Roncalli were employees within the meaning of the statute.

## SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides that a motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Bragg v. Navistar Int'l Trans. Corp.*, 164 F.3d 373 (7th Cir. 1998). "Summary judgment is appropriately entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *McKenzie v. Illinois Dept. of Transp.*, 92 F.3d 473, 479 (7th Cir. 1996) (citations omitted).

The initial burden is on the moving party to demonstrate the absence of a genuine issue of material fact and that judgment as a matter of law should be granted in the moving party's favor. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Larimer v. Dayton Hudson Corp.*, 137 F.3d 497 (7th Cir. 1998). A question of material fact is a question which will be outcome determinative of an issue in the case. The Supreme Court has instructed that the facts which are considered material in a specific case shall be determined by the substantive law controlling the given case or issue.

*Anderson*, 477 U.S. at 248. Once the moving party has met the initial burden, the opposing party must "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine [material] issue for trial." *Id.* The nonmoving party cannot rest on its pleadings, *Weicherding v. Riegel*, 160 F.3d 1139 (7th Cir. 1998); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920-21 (7th Cir. 1994), nor may that party rely upon conclusory allegations in affidavits. *Smith v. Shawnee Library Sys.*, 60 F.3d 317, 320 (7th Cir. 1995). This general standard is applied with added rigor in employment discrimination cases, where intent is inevitably the central issue. *DeLuca v. Winer Indus.*, 53 F.3d 793 (7th Cir. 1992); *Tomasello v. Delta Airlines, Inc.*, 8 F. Supp.2d 1090 (N.D. Ill. 1998). Accordingly, "affidavits and depositions must be carefully scrutinized for circumstantial proof which, if believed, would show discrimination." *Collier v. Budd Co.*, 66 F.3d 886, 892 (7th Cir. 1995); *Courtney v. Biosound, Inc.*, 42 F.3d 414, 418 (7th Cir. 1994). During its summary judgment analysis, this Court must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560 (7th Cir. 1996). "However, neither the mere existence of some factual dispute between the parties, nor the existence of some metaphysical doubt as to the material facts is sufficient to defeat a motion for summary judgment." *Lewis v. Simmons Airlines, Inc.*, 16 F. Supp.2d 978, 981 (C.D. Ill. 1998).

Title VII applies to any employer who has "fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b). All individuals who have an employment relationship with an employer are employees. *Walters v. Metropolitan Educ. Enterprises, Inc.*, 519 U.S. 202, 207 (1997). This Court must use the payroll method to determine whether or not an employment relationship exists. *Id.* Under the payroll method, this Court must determine whether an individual appeared on the employer's payroll

for twenty or more calendar weeks in the current or preceding calendar year. *Id.* at 205.

ANALYSIS

1.  A Genuine Issue of Material Fact Exists as to Wittert and dei Roncalli's Employment Status

The first issue before this Court is whether Wittert and dei Roncalli are employees or independent contractors within the meaning of Title VII. Plaintiff argues that both Wittert and dei Roncalli were employees. Defendant counters that this Court should determine that they are independent contractors. After considering the arguments set forth by both parties, this Court finds that a genuine issue of material fact exists as to whether Wittert and dei Roncalli were employees or independent contractors and therefore, **DENIES** summary judgment on the issue.

"Independent contractors are not to be counted toward the fifteen employees required for Title VII jurisdiction." *Vickery v. Minooka Volunteer Fire Dept.*, 990 F. Supp. 995, 999 (N.D. Ill. 1997) (citing *Ost v. West Suburban Travelers Limousine, Inc.*, 88 F.3d 435, 437-38 (7th Cir. 1996)). To determine whether a person is an employee or an independent contractor, this Court must look to the following five factors,

> (1) the extent of the employer's control and supervision over the worker, including directions on scheduling and performance of work, (2) the kind of occupation and nature of skill required, including whether skills are obtained in the workplace, (3) responsibility for the costs of operation, such as equipment, supplies, fees, licenses, workplace, and maintenance operations, (4) method and form of payment and benefits, and (5) length of job commitment and/or expectations.

*Vickery*, 990 F. Supp. at 999 (citing *Ost*, 88 F.3d at 438). The extent of an employer's control over the worker is the most important factor in determining whether an individual is an employee or independent contractor, however, it is not the "sole element in the equation." *Vakharia v. Swedish Covenant Hosp.*, 190 F.3d 799, 805-06 (7th Cir. 1999).

4

In this case, Plaintiff argues that both Wittert and dei Roncalli should be considered employees in accordance with *Walters v. Metropolitan Enterprises*, 519 U.S. 202 (1997). Plaintiff claims that both Wittert and dei Roncalli appeared on Defendants' payroll records and therefore, they must be considered employees under *Walters*. Plaintiff points to Defendants' payroll records as support for his claim and asserts that because both had employee numbers, received regular and holiday pay, and had traditional employee withholdings it is evident that they were employees rather than independent contractors. Plaintiff contends that social security, as well as, federal and state income taxes were withheld and hourly, holiday and bonus pay was dispensed, buffering his argument as to employee status. Plaintiff asserts the fact that both Wittert and dei Roncalli were part-time employees plays no part in the determination of their employment status under *Walters*. Most importantly, Plaintiff notes that Defendant Berger had considerable control over both Wittert and dei Roncalli and was required to exercise control over them as part of required standards of the practice of medicine and the terms of pharmaceutical protocols. Finally, Plaintiff claims that Wittert and dei Roncalli did not possess the requisite skill to run the study, did not contribute to the cost of operations, and were long term employees.

Defendant counters that Wittert and dei Roncalli performed their work without supervision; used their own supplies and laboratories; set their own hours; had their own area within the clinic; received no benefits from the corporation; had the duration of their jobs established by pharmaceutical manufacturers; continued to work other jobs contemporaneously with their work on the study trials; and were paid by the pharmaceutical companies, not the corporation. Defendants claim that Wittert and dei Roncalli were listed as employees on the payroll records by and independent third party for accounting purposes. Furthermore, Defendants assert that the fact that

5

taxes were withheld from Wittert and dei Roncalli's pay should be considered a "feather on the scales" of the larger analysis of independent contractor status. *Respect, Inc. v. Committee on Status of Women*, 815 F. Supp. 1112, 1119 (N.D. Ill. 1993). Defendants claim that the larger, and more relevant, issue is the degree of control and supervision exercised over Wittert and dei Roncalli. Defendants claim that both women worked without supervision and their hours were dictated by the studies they were involved in, not Defendants. Defendants also point to the fact that Wittert had extensive experience in medical trials and required no training as a result. Furthermore, Defendants claim that it was Wittert who hired and trained dei Roncalli. Finally, Defendants assert that the duration of the women's employment was dictated by the trials and the supplies used were submitted by the pharmaceutical companies.

This Court finds that both parties raise well-reasoned arguments. Both parties make claims which have merit and are valid. As such, this Court cannot definitively find an absence of material fact on the issue of Wittert and dei Roncalli's employment status. Therefore, summary judgement on the issue is **DENIED.**

2. Defendant Berger Is an Employer under *Equal Employment Opportunity Commission v. Dowd & Dowd, Ltd.*

The second inquiry before this Court is whether Defendant Berger is an employee or employer of the corporation. Plaintiff, of course, claims that Defendant Berger was an employee of the corporation. However, Defendants assert that Defendant Berger was, in fact, an employer. This Court finds that Defendant Berger is an employer under relevant law from this circuit. Therefore, summary judgment is **GRANTED** with regard to that issue.

The Seventh Circuit has held that partners in an accounting firm cannot be regarded as

employees under 42 U.S.C. § 2000e(f) because of their unique status as business owners and managers, as well as, their share in profits and losses. *Burke v. Friedman*, 556 F.2d 867, 869 (7th Cir. 1997). The Seventh Circuit extended this reasoning in *E.E.O.C. v. Dowd & Dowd*, 736 F.2d 1177 (7th Cir. 1984), when it held that shareholders in a professional corporation engaged in the practice of law are not employees for purposes of determining whether the corporation was an employer under Title VII. *Id.* at 1178. The court applied an economic reality test of the relationship and the degree of control the employer exercises over the alleged employee. The court found the role of "a shareholder in a corporation to be far more analogous to a partner in a partnership than it is to the shareholder of a general corporation." *Id.* at 1177-78. The court reasoned that "[t]he economic reality of the professional corporation in Illinois is that the management, control, and ownership of a partnership, "so there is no reason to treat the shareholders of a professional corporation differently for purposes of Title VII than we did partners of the accounting firm in *Burke*." *Id.* at 1177.

This Court must consider whether Dr. Berger's status as a shareholder in a professional corporation renders him an employee or employer within the meaning of Title VII. Plaintiff offers five reasons for finding Defendant Berger to be an employee, (1) Defendants have rejected Berger's employer status in previous filings, (2) Berger's employment status is dictated by his payment of salary, (3) Berger's status as a shareholder holds no weight, (4) this Court should distinguish the facts in *Dowd* from those in this case, and (5) there is no precedent for limiting *Walters*. Defendant argues that he should be considered an employer for Title VII purposes because the corporation vests its entire management, control, and ownership in him. Furthermore, Defendants argue that state regulations of professional and medical corporations overlap, therefore, the two entities are indistinguishable. *Fure v. Sherman Hospital*, 371 N.E.2d 143, 144 (Ill. App. Ct. 1977). This Court

7

finds that based upon current authority from the Seventh Circuit and other courts in this district, Defendant Berger is an employer for Title VII purposes.

In this case, Defendant Berger is really the alter ego of Daniel S. Berger, M.D. Ltd. Daniel S. Berger, M.D. Ltd consists only of Defendant Berger and his employees. Daniel S. Berger, M.D. Ltd. is a professional corporation, not a partnership, and there is no one else with authority and responsibility equal to Berger's. *Janopoulos v. Harvey L. Walner & Assoc., Ltd.*, 835 F. Supp. 459, 461-62 (N.D. Ill. 1993). "By definition, only professionals within the relevant profession can be shareholders in a professional corporation." *Schmidt v. Ottawa Medical Center, P.C.*, No. 00 C 7973, 2001 WL 883704, at *3 (N.D. Ill. Aug. 6, 2001) (citing *Dowd*, 736 F.2d at 1179). Furthermore, "[t]he amount of control an employer exercises over the employee's manner and means of work is not determinative, but it is relevant to the 'interrelationship' between an employer and an employee." *Id.* (citing *Ikpoh v. Central DuPage Hosp.*, No. 90 C 7146, 1993 WL 524817, at *19 (N.D. Ill. Dec. 15, 1993)). In this case, there can be no doubt that Defendant Berger exercised control over the employees of the clinic, Plaintiff plainly asserts as much in his previous argument. Additionally, the fact that at some point in the litigation Defendant Berger denied being an employer is of no consequence, where as here, he has challenged his Title VII status. *Mizwicki v. Helwig*, 196 F.3d 838, 832 (7th Cir. 1999). Furthermore, this Court finds the fact that Defendant Berger was paid a salary, had deductions withheld from his pay, engaged in day to day operations, earned employment benefits, and was included in tax wage sheets, to be not only logical but necessary. This Court would not expect Berger to work for free, that Berger earned salary for working at his clinic is the foundation for this capitalist society. Additionally, while Plaintiff cites to cases which stand for the proposition that shareholders are employees under Title VII where they draw a salary,

8

Defendants are correct in noting that the cases on which Plaintiff relies deal with general corporations and sole proprietorships. This case is readily distinguishable in that Daniel S. Berger, M.D. Ltd is a professional medical corporation. Finally, Plaintiff's assertion that this Court should limit *Dowd* to its facts because the professional corporation in *Dowd* was a law firm, whereas here, the professional corporation is a medical clinic is without merit. However, *Dowd* has been aptly applied to medical professional corporations, and this Court finds no reason to decline to do so in this case. *Schmidt*, 2001 WL 883704, at 3-4. Accordingly, summary judgment is **GRANTED** on this issue of Defendant Berger's status as an employer under Title VII.

## CONCLUSION

This Court has found Defendant Berger to be an employer under Title VII. Accordingly, he must be excluded from the employee census. Because Defendant Berger is not counted as an employee, Defendants do not have the requisite fifteen employees for the requisite twenty weeks as is mandated by Title VII. Therefore, this Court affirms its August 15, 2000 Memorandum and Order.

**IT IS SO ORDERED.**
DATED: September 4, 2001

_____
WILLIAM J. HIBBLER, DISTRICT JUDGE.